J. S03009/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
                 v.   :
  :
JEFFERY L. PATTON,   :   No. 1227 EDA 2014
  :
           Appellant   :


Appeal from the Judgment of Sentence, March 19, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0012416-2011


BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND OTT, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED FEBRUARY 10, 2015**

Appellant, Jeffery L. Patton, appeals from the judgment of sentence imposed on March 19, 2014. Appellant's counsel has filed an ***Anders***[1] brief together with a petition to withdraw as counsel; appellant has filed a ***pro se*** response to the ***Anders*** brief. We grant counsel's petition and affirm.

A review of the record reveals the following facts and procedural history. Appellant accosted the victim in the dark, thrust a taser within inches of his face, and threatened to use it unless the victim gave him money. Appellant took the victim's money and then threatened to hurt his family if the crime was reported. Following his arrest, an omnibus motion

---

[1] ***Anders v. California***, 386 U.S. 738 (1967).

was filed challenging identification evidence and claiming appellant's arrest was illegal; the omnibus motion was never addressed. (Docket #1.)

Appellant proceeded to a bench trial before the Honorable Angela J. Foglietta and was convicted of robbery, use of an incapacitation device, theft, simple assault, terroristic threats, recklessly endangering another person, and possessing an instrument of crime. Appellant filed a notice of appeal, and a panel of this court affirmed his convictions but vacated and remanded for resentencing as the trial court failed to merge his convictions for theft, simple assault, and REAP with his robbery conviction. On March 19, 2014, Judge Foglietta resentenced appellant to concurrent terms of three to six years' incarceration for robbery and use of an incapacitation device, to be followed by three years of probation on the non-merged offenses. On April 21, 2014, appellant filed an untimely *pro se* motion for reconsideration of sentence.[2] (Docket #10.)

On April 21, 2014, defense counsel filed a timely notice of appeal. The trial court issued an order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. On July 22, 2014, counsel filed a statement of intent to file an *Anders* brief pursuant to Rule 1925(c)(4). The trial court filed a Rule 1925(a) opinion on July 29, 2014, addressing the discretionary aspects of appellant's sentence.

---

[2] Pennsylvania Rule of Criminal Procedure 720 allows ten days for the filing of a post-trial motion.

Thereafter, on September 4, 2014, counsel filed an **Anders** brief and an application to withdraw as counsel. The sole issue presented for our review is a challenge to the discretionary aspects of his sentence. (Appellant's brief at 2.) The Commonwealth filed its brief on December 1, 2014. On January 20, 2015, appellant filed his **pro se** "Answer to Application to Withdraw as Counsel (Petition to Challenge Petition to Withdraw)," essentially challenging the **Anders** brief filed by counsel and stating there remains a "non-frivolous" issue concerning a motion to suppress his identification which his attorney did not present to the trial court.

As noted above, appellant's counsel, Jeffrey P. Shender, Esq., has filed a petition to withdraw and accompanying **Anders** brief. "When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010), citing **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (**en banc**) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:
>
> (1)     provide a summary of the procedural history and facts, with citations to the record;
>
> (2)     refer to anything in the record that counsel believes arguably supports the appeal;

> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, quoting **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Our review of Attorney Shender's application to withdraw, supporting documentation, and **Anders** brief reveals that he has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel, proceed **pro se**, or raise any additional points that he deems worthy of this court's attention, and attached to the **Anders** petition a copy of the letter sent to appellant as required under **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa.Super. 2005). **See Daniels**, 999 A.2d at 594 ("While the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent."). As Attorney Shender has complied with all of the requirements set forth above, we now turn to any issues counsel states arguably support the appeal.

Again, the issue herein presents a challenge to the discretionary aspects of appellant's sentence. "Challenges to the discretionary aspects of

sentencing do not entitle a petitioner to review as of right." ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before this court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.***

Our review of the record reveals that appellant did not object at the sentencing hearing on March 19, 2014, or file a motion for reconsideration of sentence.[3] Thus, it is clear appellant first raised his challenge to the discretionary aspects of the sentence in his appellate brief. As such, the issue is waived. Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

---

[3] Appellant did file a ***pro se*** post-sentence motion. However, that motion failed to preserve his discretionary sentencing claim for two reasons. First, the motion was untimely filed. Second, appellant had no right to file a ***pro se*** motion because he was represented by counsel; his ***pro se*** post-sentence motion was a nullity, having no legal effect. ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa.Super. 2007).

Having determined that the instant appeal is wholly frivolous, and after our own independent review, there are no issues of arguable merit apparent from the record; we will grant Attorney Shender's petition to withdraw. We now consider the issues raised in appellant's **pro se** response.

Appellant appears to argue that trial counsel was ineffective for failing to litigate a motion to suppress challenging his identification. This claim must be deferred until collateral review. **Commonwealth v. Barnett**, 25 A.3d 371, 377 (Pa.Super. 2011) (**en banc**) (holding that this court cannot review ineffective assistance of counsel claims on direct appeal absent defendant's waiver of PCRA review). As this court recently explained:

> In **Commonwealth v. Grant**, 572 Pa. 48, 813 A.2d 726 (2002), our Supreme Court announced a general rule providing a defendant "should wait to raise claims of ineffective assistance of trial counsel until collateral review" pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. **Grant**, at 738. Nevertheless, in **Commonwealth v. Bomar**, 573 Pa. 426, 826 A.2d 831 (2003), **reargument denied**, July 17, 2003, **cert. denied**, **Bomar v. Pennsylvania**, 540 U.S. 1115, 124 S.Ct. 1053, 157 L.Ed.2d 906 (2004), our Supreme Court recognized an exception to **Grant** and found that where ineffectiveness claims had been raised in the trial court, a hearing devoted to the question of ineffectiveness was held at which trial counsel testified, and the trial court ruled on the claims, a review of an ineffectiveness claim was permissible on direct appeal. **See Bomar**, 826 A.2d at 853-854; **See also Commonwealth v. Fowler**, 893 A.2d 758, 763-764 (Pa.Super.2006); **Commonwealth v. Wright**, 599 Pa. 270, 319-320, 961 A.2d 119, 148 (2008).

. . . .

> However, most recently, in [**Barnett**, **supra** at 376-378] this Court concluded our Supreme Court has limited the applicability of **Bomar** and that Barnett's assertions of counsel's effectiveness are appropriately raised only on collateral review. We ultimately determined that "[w]ith the proviso that a defendant may waive further PCRA review in the trial court, absent further instruction from our Supreme Court, this Court, pursuant to **Wright** and **Liston**, will no longer consider ineffective assistance of counsel claims on direct appeal." **Id.** at 377. As such, we dismiss Appellant's first issue without prejudice to her ability to raise it in a subsequent PCRA petition, if she so chooses.

**Commonwealth v. Quel**, 27 A.3d 1033, 1036-1037 (Pa.Super. 2011) (footnote omitted).[4]

Herein, there is no indication in the record that appellant made an express waiver of PCRA review. Accordingly, we are unable to reach the merit of this issue on direct appeal. Thus, we dismiss this claim without prejudice to appellant's right to present it in a subsequent PCRA petition. Furthermore, this underlying issue cannot be raised in this appeal as only resentencing was the subject of this appeal.

---

[4] Recently, in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), decided October 30, 2013, our supreme court addressed the continued viability and limited scope of the **Bomar** exception. The exceptions discussed in **Holmes** do not apply to the facts in this case.

- 7 -

Judgment of sentence affirmed. Counsel's application to withdraw is granted. Appellant's **pro se** "Answer to Application to Withdraw as Counsel (Petition to Challenge Petition to Withdraw)" is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015